## KOURY v FERRIS

Ohio Appeals, 9th Dist, Summit Co
No 1810. Decided Feb. 2, 1931

William A. Slater and Carl M. Myers, both of Akron, for Koury.

Waters, Andress, Hagelbarger, Wise & Maxon, Akron, for Ferris.

FUNK, PJ.

Plaintiff in error commenced her action against defendant in error in the Common Pleas Court for damages resulting from an automobile accident. The jury returned a verdict for defendant, on which judgment was entered. Motion for new trial was duly filed and overruled. The case is now here on error to reverse that judgment.

The first error complained of is that of overruling the motion for new trial on the ground that a certain juror failed to disclose, on his voir dire examination, his employment as an investigator for an insurance company, which was supported by affidavits on the hearing of the motion.

As those affidavits were not made a part of the bill of exceptions and are merely in the files, we cannot consider this complaint.

See—

**Ferguson v. State of Ohio, No. 41,** Pike County (Unreported), decided by this court April 17, 1923.

Second, it is contended that the court erred in the admission of certain testimony of the witness Campbell. Timely objection was made to the testimony of this witness describing a certain icy place in the road and what happened there on a particular Sunday, for the reason that there was nothing to show that such evidence had any connection with the time or place of the accident, when counsel for defendant said that they would show the connection.

We have carefully read the record and reread parts of it. While the description of the icy place by the witness Campbell is somewhat similar to that described by the witnesses who were in the accident, we find no evidence that they were actually describing the same place. This is especially so since both the witness Campbell and the other witnesses all testified that there was more than one icy place in the road between Palmyra and Tallmadge. On the other hand, there is evidence that they were not describing the same place, as the witness Campbell located the icy place he was testifying about, one and one-tenth miles from Palmyra, while the other witnesses, insofar as they located it at all, located the icy place where the accident occurred about three miles from Palmyra; and the same witness at another place in his testimony located it as a certain number of miles from Tallmadge, which was vague and indefinite, with nothing to show that such distance from Tallmadge was anywhere near the place described by the witness Campbell. Furthermore, there was

no evidence definitely fixing the Sunday concerning which the witness Campbell testified as the Sunday on which the accident occurred.

We therefore find that the testimony of the witness Campbell was erroneously admitted and that it was highly prejudicial to the plaintiff, and for that reason the judgment is reversed and the cause remanded for further proceedings according to law.

With this evidence of the witness Campbell erroneously admitted, we cannot properly pass upon the weight of the evidence, and we find it unnecessary to pass upon the other claimed errors.

Pardee, J, and Washburn, J, concur.